■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROBERT EDWARD PRAY, Appellant.— Appeal from a judgment of the County Court of St. Lawrence County, rendered December 29, 1970, which resentenced defendant, following a conviction for burglary in the third degree, to an indeterminate term with a maximum not to exceed three years. Indicted separately for burglary in the second degree and unlawful possession of a weapon in violation of subdivision 6 of section 265.05 of the Penal Law, defendant, on October 4, 1968, pleaded not guilty upon having been given the warning required by former section 335-c of the Code of Criminal Procedure. On November 18, 1968 defendant withdrew said plea and pleaded guilty to burglary in the third degree in satisfaction of both indictments, the court having informed defendant that it was a serious step for him because of his record but without supplying the section 335-c monition. Under the law in effect at the time in question, it was necessary that the section 335-c warning be given this defendant at the time of and before acceptance of his guilty plea, regardless of that accorded at an earlier stage of the proceedings (*People ex rel. Gallagher* v. *Follette*, 22 N Y 2d 239, 244; *People ex rel. Carlat* v. *Follette*, 21 N Y 2d 732; *People ex rel. Wright* v. *McMann*, 29 A D 2d 999, cert. den. 393 U. S. 885; *People ex rel.*

*Waiters* v. *Mancusi*, 26 A D 2d 904) and regardless of whether defendant was prejudiced or not (*People* v. *Jordan*, 27 A D 2d 584). Judgment reversed, on the law, and matter remitted to the County Court of St. Lawrence County for rearraignment, repleading and other proceedings not inconsistent herewith. Cooke, Sweeney and Simons, JJ., concur; Herlihy, P. J., and Greenblott, J., dissent, and vote to affirm, in the following memorandum by Herlihy, P. J.: Section 335-c of the Code of Criminal Procedure relates to the possibility, because of a prior conviction, of different or additional punishment. While there was considerable colloquy between the court, the defendant and his attorney, the court finally stated: " I am sentencing you only on the matter which is before me ". In all probability the defendant was the beneficiary of such sentencing, but in any event the court was not, under the circumstances, required to warn the defendant pursuant to the section here in question. Accordingly, I vote to affirm the judgment of conviction.